*1374 ON Application fob. Rbhhahing.
In the mortgage which S. S. Pierce has! granted to Caldwell & Judah on the Magnolia plantation is to be found this clause: “To keep the buildings on said premises hereinbefore mortgaged insured during the existence of this mortgage for not less than six thousand dollars, the premium on which is hereby fixed at the rate of $420 per annum during the existence of this mortgage, the policies to be made payable to the mortgagee.” Then followed a stipulation to the effect that should Pierce fail to take out such insurance the mortgagees were authorized to do so, and the premiums paid by the mortgagees should be held covered and secured by the mortgage.
The fact that the requirement of the act of mortgage was that the insurance thus to be taken out was “ to be made payable to the mortgagees shows that the interest intended to be covered was that of the mortgage creditors in the property. This was an interest distinct from that of the owner. Without that stipulation in the act of mortgage Caldwell & Judah could, of course, have covered their interest in the property as mortgage creditors by insurance. But they saw fit to bind Pierce, in the act, to himself cover their interest by insurance, and to pay the premiums for the same.
They had the right to exact this obligation from Pierce, but this does not militate against the conclusion that the intention of the parties, gathered from the terms of the act, was to cover the interest of the mortgagees in the property.
Subsequently, Cannon, the plaintiff, purchased the plantation at sheriff’s sale. The sheriff sold under a writ of fi. fa. issued on the judgment of Flower & King vs. Pierce. The sheriff’s deed to Cannon, which the latter also signs in acceptance thereof, recites no assumption by Cannon of the Caldwell & Judah mortgage. It states only that Cannon retains in his hands on this mortgage the amount of ten thousand six hundred and thirty dollars, and this sum is made up entirely of the notes yet to fall due secured by the mortgage. No part of it represented, or was intended to represent, insurance premiums present or future.
By this purchase at the sheriff’s sale Cannon did not succeed to all the obligations and liabilities of Pierce, the original mortgagor. Where an owner mortgages his property, agreeing in the act of mortgage to insure the property and make the loss payable to the mortgage creditor, and consenting that the creditor himself effect *1375 such insurance at the expense of the mortgagor, if the latter failed to do it, and afterward the property is sold at a judicial sale, and a third person becomes a purchaser, retaining in his hands the amount of the mortgage notes remaining unpaid and not yet due, we do not think the mortgage creditor has the right to take out insurance in the name of this purchaser, making the loss payable to himself — certaiuly not without the consent of the purchaser. Such an obligation to insure, entered into by an owner when effecting a mortgage on his property, is not a covenant or obligation running with the land and binding the purchaser at a judicial sale to take out insurance in his name, or authorizing the mortgagee to do so,
Such a clause in a contract of mortgage is rather to be viewed as a collateral agreement in aid of the execution of the principal contract. It is nota real obligation; it is a personal, movable obligation, one not imposed upon the new owner as a result of his purchase.
We hold, therefore, that in the instant case the mortgage creditors were without authority to take out the policy in the Crescent Insurance Company in the name of Cannon, and that their act can not operate to his prejudice.
The judgment of the court below awarded plaintiff the full amount of the policy of insurance, ten thousand dollars, with legal interest from the 30th day of September, 1895, subject to a credit of six hundred and eighty-six dollars and eighty-five cents, amount paid by defendant to Flower and King on a judgment recovered by them against Clifton Cannon, in which cause defendant company was made party, as garnishee, and condemned to pay.
A review of the testimony herein, on the question of loss and damage sustained, has led us to the conclusion that the judgment below should be reduced from ten thousand to eight thousand two hundred and ninety-one dollars and twenty-five cents, less the credit above mentioned.
It is therefore ordered that the decree hereinbefore rendered by this court be set aside, and it is now adjudged and decreed that the judgment appealed from be amended by reducing the same to eight thousand two hundred and ninety-one dollars and twenty-ñve cents, with legal interest from September 30, 1895, until paid, less the amount paid on the Flower and King judgment — costs of appeal to be borne by appellee- — -and as thus amended the judgment appealed from is affirmed.
Rehearing refused.